**Smith v. Smith**

*John B. Schaner, for plaintiff.*

MacPHAIL, P. J., September 14, 1970.—In this action for divorce on the grounds of desertion, the master has recommended that a decree be entered. The evidence will sustain the awarding of a decree, but there is a procedural problem. Pa. R. C. P. 1126(4) requires that plaintiff set forth in his complaint the lengths of time plaintiff *and* defendant resided in the Commonwealth immediately prior to the commencement of the action. While plaintiff has set forth in the instant complaint the length of time he has resided in the Commonwealth, there is no allegation with respect to the length of defendant's residence in the Commonwealth. A decree in divorce

cannot be entered where the complaint fails to comply with the Rules of Civil Procedure: White v. White, 9 Adams 142 (1969).

A local rule of court (Common Pleas 127) provides that the master's first duty in a divorce action is to examine the pleadings and report deficiencies to plaintiff's attorney or to the court, as the case may be. It is regrettable when proceedings advance to this point before an error in the complaint is discovered.

### ORDER

And now, September 14, 1970, the recommendation of the master in the above case is accepted and a decree in divorce will be entered in the usual form upon the filing by plaintiff of an amended complaint, leave for the filing of which is hereby granted, which complies with the Rules of Civil Procedure.